UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN ROB ST. ANDRE,<br><br>    Respondent. | No. 2:22-cv-0046 CKD P<br><br><br>ORDER |

Petitioner is a California prisoner proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2254. The parties have consented to have all matters in this action before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

I. Background

Following a Sacramento County jury trial, petitioner was found guilty of burglary, attempted carjacking, assault with a deadly weapon, malicious harm to a peace officer's dog, vehicular evasion, and vandalism. ECF No. 8-2 at 159-160.

Petitioner's sentence was modified on appeal. The sentence petitioner now serves is as follows:

1. Three sentences of 25-years-to-life for burglary, assault with a deadly weapon, and malicious harm to a peace officer's dog, to be served consecutively;

/////

2. One sentence of 25-years-to-life for attempted carjacking, stayed pursuant to California Penal Code § 654; and

3. A total determinate sentence of 12 years and 4 months as to the remaining convictions and certain sentencing enhancements, to be served consecutively to the 75-years-to-life indeterminate term.

ECF No 8-12 & 8-17.

Petitioner's only claim concerns his sentence which he raised on direct appeal before both the California Court of Appeal and the California Supreme Court. ECF No. 8-9 & 8-15. The California Court of Appeal summarized the facts relevant to petitioner's claim as follows:

> This case involves a crime spree by defendant on one day. Around 9:20 p.m., Officer Zachary Yasonia initiated a traffic stop of defendant after noticing defendant erratically driving his truck. Defendant sped up and made a hard turn into the parking lot of a police facility, crashing through a closed entrance gate. Defendant sped through the parking lot hitting at least one parked police car before crashing through another gate to exit the parking lot. Attempting to turn onto the street abutting the parking lot, defendant lost control of his truck and drove into a private residence.
>
> Defendant's actions prompted several officers from the police facility to follow him on foot and in police cars to the residence. Officer Yasonia had also been following defendant through the parking lot to the residence. After defendant crashed and got out of his truck, Officer Yasonia released his canine (Reno) and gave the "apprehension" command. Reno ran toward defendant and bit him as defendant attempted to flee. Another officer saw something shiny in defendant's hand during this struggle and, thinking it could be a weapon, fired several shots at defendant. Defendant escaped through the backyard of the house. Officer Yasonia recalled Reno and discovered the dog was bleeding, left the scene with Reno and another officer, and took Reno to a veterinary hospital where he received several sutures and later recovered. A razor blade was found at the scene with nonhuman blood and hairs similar to Reno's.
>
> Defendant next knocked on Daniel Federwitz's door, about a half a block from the police facility. Defendant first politely asked Federwitz for a ride, which Federwitz declined. After more forcefully renewing his request and Federwitz again declining, defendant began hitting Federwitz with a metal pipe. They started fighting and Federwitz pinned defendant but defendant got away and entered Federwitz's house, locking Federwitz outside.
>
> Defendant emerged from the house after about 10 seconds with the keys to Federwitz's car, wielding a cooking pot. Defendant furiously swung the pot at Federwitz as defendant tried to get into Federwitz's car. Federwitz hit defendant with the metal pipe defendant had

>abandoned and tried to prevent defendant from closing the driver's side door. Police officers arrived at Federwitz's house and defendant ran. Officers tackled defendant and arrested him.

ECF No. 8-12 at 2-3.

## II. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.2d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362

/////

(2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Here, the only reasoned decision was issued by the California Court of Appeal. ECF No. 13-8 at 136-154.

III. Claim and Analysis

Petitioner phrases his claim as follows:

> The sentencing court violated petitioner's Fourteenth Amendment right to due process by arbitrarily depriving him of his state-created procedural right at sentencing to have sentences stayed under Penal Code section 654 for counts of conviction arising from petitioner's continuous course of conduct with a single objective.

ECF No. 1 at 10.

California Penal Code § 654 explicitly prohibits multiple punishments for the same act or omission. The California Supreme Court has interpreted § 654 as also forbidding multiple punishments for "a course of conduct encompassing several acts pursued with a single objective." People v. Corpening, 2 Cal.5th 307, 311 (2016). Petitioner claims that all six of his convictions "were part of a single continuous course of criminal conduct. . . ." of evading arrest. ECF No. 1

/////

at 15. Accordingly, petitioner asserts he should only have to serve a single sentence of 25-years-to-life and the rest of his sentences should be stayed. Id.

A violation of state law cannot provide a basis for federal habeas corpus relief, so a state court's violation of a California statute or interpretive case law does not, by itself, entitle petitioner to a writ of habeas corpus. Petitioner asserts that the actions of California Courts in not staying all but one of petitioner's sentences violates the Due Process Clause of the Fourteenth Amendment because in Corpening the California Supreme Court created a liberty interest which cannot be arbitrarily disregarded by California courts. Id.

The Supreme Court has found that certain state laws create a liberty interest subject to due process protection. E.g. Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (statutory right to have punishment decided by jury protected by Due Process Clause). However, petitioner fails to point to any instance in which the Supreme Court has held that state court's expansion of a statutory right in favor of criminal defendants, is, itself, entitled to due process protection. In fact, in Swarthout v. Cooke, 562 U.S. 216 (2011) the Supreme Court rejected the notion that the California Supreme Court's demand that an evidentiary standard of "some evidence" be applicable in the reviews of denials of parole renders an affirmance of the denial of parole reviewable in a federal habeas action for insufficient evidence. For these reasons, the court cannot find that the California courts' rejection of petitioner's due process claim is contrary to or involved an unreasonable application of Supreme Court authority. Further, nothing suggests the rejection of the due process claim was based on an unreasonable determination of the facts.

As to whether a violation of California law occurred, the Court of Appeal found as follows:

> The trial court's findings are supported by evidence for all but one count. Overall, defendant's crime was not one indivisible course of conduct. Though defendant may have committed each crime generally to avoid capture, he had plenty of opportunity to cease his criminal behavior but instead chose to continue committing crimes. Permitting defendant's criminal behavior to collapse into a single course of conduct would permit punishment for one crime only no matter how long his evasion lasted, even if it included ever worsening crimes. This would violate the purpose of section 654 by imposing a lower sentence for an increasing criminal culpability.

ECF No. 8-12 at 5. Petitioner fails to point to any other California case law suggesting that the Court of Appeal's reasoning and application of California law is somehow arbitrary with respect to petitioner's sentence, and the Court of Appeal's reasoning is not arbitrary on its face. Even if petitioner could state a claim under the due process clause for arbitrary deviation from the point of law from <u>Corpening</u>, he does not show a basis for relief for such claim.

IV.  <u>Conclusion</u>

For the foregoing reasons, petitioner's petition for a writ of habeas corpus will be denied, and this case will be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) is denied;

2. This case is closed; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  April 4, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sanc0046.157

6